1816.

WIGGINS
v.
ARMSTRONG.

*WIGGINS and BOERUM *against* ARMSTRONG, DOTY and MARSHALL.

A creditor at large, or before judgment, is not entitled to the interference of this Court, by *injunction*, to prevent the debtor from disposing of his property in fraud of such creditor.

*June* 12th.

THE bill stated, that the defendant *Doty*, on the 24th of *October*, 1815, purchased of the plaintiffs goods to the value of 1,262 dollars and 55 cents, on a credit of six months, which sum was now due.   That the defendant *Doty*, in 1815, gave the plaintiffs his note for 1,255 dollars, for other goods sold, and which note was due, and a balance thereon unpaid of 609 dollars and 18 cents.   That *W.* and *S. Green* lately became endorsers of sundry notes for the defendants to 4,000 dollars, who, to secure them, in *February* last, executed to them a judgment bond for 4,000 dollars, on which a judgment was, at the time, entered.   That the defendant *A.* then became endorser for *D.*, on the notes aforesaid, and exonerated *W.* and *S. Green*, who assigned the judgment to the defendant *A.*   That *D.*, in *October* last, recommended the defendant *M.* to the plaintiffs for the purchase of goods, and *M.* purchased goods of the plaintiffs to 1,627 dollars and 9 cents, on a credit of 6 months.   That the notes endorsed by the defendant *A.* have been reduced to 1,800 dollars. That *M.* and *D.* are embarrassed, and *to defraud the plaintiffs*, *D.*, in collusion with *A.* gave a judgment to *A.* for 15,000 dollars, in *March* last, and *M.* and *D.*, in collusion with *A.*, have jointly given a judgment to *A.* for 18,000 dollars, in *March* last.   That the plaintiffs have commenced suits against *D.* and *M.*, but have not yet obtained judgment. That the two last judgments were voluntary, and without consideration, *and with intent to defraud the plaintiffs.   The plaintiffs prayed for relief, and for an injunction against proceeding on the judgments by execution, &c. ; and an injunction was granted.

No answer had been put in by the defendants.

[ * 145 ]

*June* 10th.

*Emott*, for the plaintiffs, now moved to dissolve the injunction, on the ground that the plaintiffs are not *judgment* creditors, and have not obtained any *lien* on the property of the defendants, and, therefore, have no right to question the judgments.   He cited *Mitford*, 114, 115.   *Cooper's Eq. Pl.* 149.   1 *P. Wms.* 445.

114

*Brackett*, contra, contended, that the Court has jurisdiction to stay execution, though the plaintiffs have not proceeded to judgment; and cited 6 *Vesey*, 689.

1816.

WIGGINS
v.
ARMSTRONG.

THE CHANCELLOR. This is the case of a creditor on simple contract, after an action commenced at law, and before judgment, seeking to control the disposition of the property of his debtor, under judgments, and executions, upon the ground of fraud. My first impression was in favor of the plaintiffs; but upon examination of the cases, I am satisfied that a creditor at large, and before judgment and execution, cannot be entitled to the interference which has been granted in this case. In *Angell* v. *Draper*, (1 *Vern.* 399.) and *Shirley* v. *Watts*, (3 *Atk.* 200.) it was held, that the creditor must have completed his title at law, by judgment and execution, before he can question the disposition of the debtor's property; and in *Bennet* v. *Musgrave*, (2 *Ves.* 51.) and in a case before Lord *Nottingham*, cited in *Balch* v. *Wastall*, (1 *P. Wms.* 445.) the same doctrine was declared, and so it is understood by the elementary writers. (*Mitford*, 115. *Cooper, Equ. Pl.* 149.) The reason of the rule seems to be, that until the creditor has *established his title, he has no right to interfere, and it would lead to an unnecessary, and, perhaps, a fruitless and oppressive interruption of the exercise of the debtor's rights. Unless he has a certain claim upon the property of the debtor, he has no concern with his frauds. On the strength of settled authorities, I shall, accordingly, grant the motion for dissolving the injunction.