1820.

WILLIAMS
v.
BROWN.

A. WILLIAMS *against* BROWN and others.

A creditor, to entitle himself to the aid of this Court, in the recovery of his debt, must show that he has prosecuted his debtor at law, to judgment and execution, so as to have gained a legal lien and preference, at the time of filing the bill, or at least before *issue joined* in this Court.

This Court, as well as a Court of law, allows a debtor to give a preference to one creditor over another. And where a debtor, in insolvent circumstances, confesses a judgment for a debt justly due, such judgment creditor will retain his priority.

If, however, the debtor, makes use of the judgment so confessed, to effect a sale or change of his property, for his own purposes, and the property is sold at a great sacrifice, and purchased in by the debtor, this Court will interfere, and either allow it to be redeemed, or put up again, at the price at which it was sold, and resold for the benefit of the other creditors, as to any surplus beyond that price.

*Nov. 15th,* and *Dec. 24th.*

THE bill, filed in *May*, 1818, against the defendants named in the last cause, and *David Brown*, and *Francis Brown*, stated that the plaintiff held three promissory notes, dated *October* 2, 1816, given in the name of the *Genesee Manufacturing Company*, and signed by the defendant, *M. B.*, by order of the trustees, payable in one, two, and three years from the dates, respectively, being for a balance due on a contract for erecting a building for the company, one of which notes was due in *October*, 1817, and remained unpaid, and a suit was commenced by the plaintiff against the company in *May*, 1818. The bill then stated the judgment confessed in favour of *Huntington*, and proceedings thereon, as in the last case, and alledged that the debt was contracted on the personal credit and responsibility of the defendants, trustees of the company ; and that the judgment was confessed with a view to defraud the plaintiff, and other creditors of the company, &c. That in *May*, 1818, *Francis Brown & Co.* of which firm the defendant *M. B.*, presi-

dent of the company, is a partner, sued the company at law, and that the trustees intend to confess a judgment, so as to give the said *B. & Co.*, a priority over the plaintiff and others; and that the debt claimed by them being 5,500 dollars, was for installments paid, and not a company debt, &c. *Prayer* for a discovery, and that the defendants may be enjoined from selling the real estate of the company under the *fi. fa.* in favour of *H.*, and that the pretended sale of the personal property might be vacated; and that *Francis Brown & Co.* might be enjoined from proceeding in their suit, and the trustees restrained from confessing judgment therein, and might be decreed to pay to the plaintiff, the debt due to him; and for general relief.

The defendants *M. B., D. B., F. B., S. W.,* and *C.,* put in a joint and several answer : *M. B.* admitted that he had been the principal agent of the company since its incorporation, acting under the appointment and direction of the trustees; that he signed a confession of judgment in favour of *Francis Brown & Co.* on the 16th of *May,* 1818, for 5,341 dollars, 6 cents, on which an execution issued, which was stayed by the injunction. That no *calls* or *installments,* or payments thereon, constituted any part of the said debt. The answer further stated the manner in which the debt due *H.* was contracted, and the judgment and subsequent proceedings thereon. The defendant *H.,* also, put in his answer, stating the transaction relative to the purchase of the cotton of him, and the confession of the judgment by the trustees, &c.

The evidence taken in the cause related chiefly to the sale and purchase of the property of the company under the *fi fa.* ; and it appeared from the proofs, that the plaintiff recovered a judgment, by default, against the company, 8th *January,* 1819, on the first note, for 412 dollars and 21 cents.

The cause was this day brought to a hearing on the pleadings and proofs.

1820.

WILLIAMS
v.
BROWN.

*Nov.* 15*th.*

*1820.*

WILLIAMS
v.
BROWN.

*Dec. 24th.*

*R. Sedgwick,* for the plaintiff.

*Griffin,* for the defendant, *Huntington.*

The cause stood over for consideration to this day.

THE CHANCELLOR. The plaintiff files his bill as a simple contract creditor of the *Genesee Manufacturing Company,* to question the validity of the judgment confessed by the company to the defendant *Huntington,* and the sale of the personal estate under that judgment ; to stay the suit of *Francis Brown & Co.* against the company, and to stay the company from confessing any judgment to *Francis Brown & Co.* and that his debt may be decreed to be paid.

This case falls within the decision just made in the suit of *Brinkerhoff* v. *Brown,* inasmuch as the plaintiff had not obtained judgment and execution at law, before he applied to this Court to assist him in that suit. It does, indeed, appear in proof, that *since issue has been joined in the cause,* the plaintiff, who continued the prosecution of his suit at law pending this bill, has obtained judgment upon one of his promissory notes. But if the judgment had been obtained in season before filing his bill, he would not have been in a condition to pursue the personal property which had been purchased in by two of the defendants who were trustees, upon the execution under *Huntington's* judgment, without showing that he had also taken out execution, and endeavoured to satisfy his debt under it. This point was so fully discussed in the case of *Brinkerhoff* v. *Brown,* that it is sufficient to refer to that decision. And if the plaintiff was now in a condition (and he is not, for the cause is to be determined upon the rights of the parties as they stood, if not before, at least, when issue was joined) to question the validity of the judgment confessed in favour of *Huntington,* I should say he has entirely failed to impeach it. It was given for a debt justly due, founded upon a sale of cotton, for the use of the company, and which was

purchased 'by one of the trustees of the company, who was specially authorized to buy for the company, and under a promise by the trustees to be responsible, as trustees, as well as in their individual capacities. It is impossible to imagine a debt more justly due from the company ; and they had a right to give a preference and to confess judgment to such a creditor. If the execution under that judgment was abused by the trustees in the sale and purchase by them of the corporate property, they are responsible for that abuse, not the creditor who had no knowledge of it. Such conduct had no retrospective effect upon the validity of the judgment; and *Huntington* was clearly entitled to retain the proceeds of the execution which has been paid to him.

Courts of equity, as well as Courts of law, allow a debtor to give a preference to one creditor over another. In *Small* v. *Oudley*, (2 *P. Wms.* 427.) a debtor in insolvent circumstances, assigned personal property to a particular creditor to secure his debt ; and this was done without his privity or knowledge ; but as it was for a just debt, the Master of the Rolls gave effect to the assignment. Other cases to the same point were referred to in *Hendricks* v. *Robinson ;* (2 *Johns. Ch. Rep.* 308.) and unless we were to overturn a series of authorities, we could not question the right of the debtor to confess a judgment in favour of a particular creditor, for an honest debt then due, and that such judgment will hold its priority. We have, indeed, often occasion to observe, with regret, that the race of legal diligence between creditors, and the right of the debtor to pay, or secure one creditor in preference to another, gives occasion to the most unequal distribution of an insolvent's estate ; but in cases not provided for by statute, the proceeding cannot ordinarily be controlled. This Court does secure an equitable distribution of the real and personal assets of the deceased debtor, upon the terms, and under the limita-

1820.

WILLIAMS
v.
BROWN.

1820.

WILLIAMS
v.
BROWN.

* *Ante,* p. 619.

tions explained at large in the late case of *Thompson* v. *Brown and others.** But the doctrine in that case does not apply to the estates of debtors in full life, for there is no equitable trust created and attached to the distribution of the effects in the latter case.

There are *items* that went to constitute a considerable part of the judgment confessed by the trustees in favour of *Francis Brown & Company*, that may well give ground for discussion, at the instance of creditors; and if the plaintiff had come here as a judgment creditor, he would have been entitled to have opened an inquiry into the consideration of that judgment. But I cannot admit him to that inquiry upon a bill filed by him as a simple contract debtor, merely because he puts in, as an *exhibit*, in the mass of proof, the record of a judgment at law obtained since the pleadings were closed. The cause must be decided upon the allegations in the pleadings, and the proofs in relation to them. Whether the prior, and still unsatisfied judgment of *Huntington*, and (if we may allude to a fact in the preceding cause) the prior judgment of *Brinkerhoff*, would render such an inquiry expedient on the part of this plaintiff, it is not for me to say. He was premature with his bill in this suit, for such a purpose, and for the reason assigned in *Wiggins* v. *Armstrong.* (2 *Johns. Ch. Rep.* 144.)

All I can say is, that when a plaintiff shall appear with a proper title to such relief, I should be strongly inclined, upon a case like this, to institute an inquiry, by reference, into the charges constituting the consideration of the judgment confessed by the company to *F. Brown* and others; and also to give to the execution creditor who might apply, a remedy against the personal property purchased in by the trustees, by allowing it to be redeemed, and by having it re-sold for the benefit of such creditor, as to any surplus price beyond what the trustees bid and paid.

I shall, therefore, dismiss this bill as against the defend-

ant *Huntington*, with costs, but without costs, and without prejudice, as against the other defendants.

</div>

(*a*) Vide *Brinkerhoff* v. *Brown*, ante, p. 671. and *M'Dermutt* v. *Strong*, post.