## Case No. 3,188.

### COOMBE v. MEADE.

[2 Cranch, C. C. 547.] [1]

Circuit Court, District of Columbia.    May 3, 1825.

#### EQUITY JURISDICTION.

If the plaintiff has a legal claim, he must pursue his remedy at law as far as he can before resorting to equity.

[In equity. Bill by Griffith Coombe against Thomas Meade and others to enforce a judgment.]

CRANCH, Chief Judge. The bill states that a judgment at law had been recovered by the Bank of the Metropolis against the complainant, G. Coombe, as indorser of Simon Meade's note, made payable to and indorsed by Thomas Meade, and that the complainant paid to the Bank of Washington $280 with interest upon another note of Simon's indorsed by Thomas and the complainant, which notes had been discounted for the accommodation of Simon or Thomas. That Simon purchased of Thomas Law a city lot in Washington, upon which there is still a small part of the purchase-money due to Mr. Law. That Simon took possession of the lot under his purchase, and assigned his right in it to Thomas Meade. That the legal title yet remains in Thomas Law. That Simon died leaving a widow and children, who are made defendants. That the complainant has received no part of the notes, although he has requested the administratrix and the said Thomas Meade to pay them; the administratrix alleging that she has not assets, and Thomas Meade alleging and giving out "that he has made over the lot as a gift to one of Simon's children, which if true is fraudulent and void;" and that the said Thomas Meade alleges and pretends that he has no means of paying the said notes, "so that by these fraudulent contrivances your orator may be deprived of said debts and defeated from the recovery thereof, unless by the aid of this honorable court." In tender consideration whereof, &c., "and that the said lot may be decreed to be sold to satisfy the judgment and note aforesaid, with costs, damages, and interest; and that T. Law may render an account of what is due on the lot, and may convey the legal title to the purchaser, upon receiving the balance of the purchase-money, the complainant prays subpoena, &c., and for general relief." To this bill the resident defendants, Thomas Meade and Jane Gorman, one of the children of Simon Meade, demurred for want of equity as against them, and contend, by Mr. Worthington, their solicitor, that the complainant has a legal remedy which he must show he has pursued as far as he could, before he can ask the aid of a court of equity.

[1] [Reported by Hon. William Cranch, Chief Judge.]

In the case of Brinkershoff v. Brown, 4 Johns. Ch. 671, Chancellor Kent says: "But I am sorry to say that the plaintiffs have not shown enough when they only show themselves to be judgment creditors. If they want relief touching the personal assets of their debtor, they must show that they have taken out execution at law, and pursued it to every available extent against the property, before they can resort to this court for relief. I apprehend this to be the settled rule in chancery; and that this court does not as of course assume jurisdiction in taking executions upon judgments at law into its own hands. Such power would be oppressive to the debtor and to the court. The presumption is that the court which renders judgment is competent to enforce it; and it is only in special cases, in which property cannot be found to satisfy it, that this court interferes to discover and reach the property. But the legal remedy by execution must first be tried. This court is not to know by anticipation, that it will be ineffectual. Upon such an allegation, it might assume the collection of all simple-contract debts in the first instance, without even requiring the creditor to prosecute his demand to judgment at law. It is sufficient, however, to observe, that I find the rule to have been long and uniformly established, that, to procure relief in equity by bill brought to assist the execution of a judgment at law, the creditor must show that he has proceeded at law to the extent necessary to give him a complete title." "If he seeks aid as to real estate, he must show a judgment creating a lien on such estate. If he seeks aid as to personal estate, he must show an execution giving him a legal preference, or lien upon the chattels." And the chancellor cites the following cases: Wiggins v. Armstrong, 2 Johns. Ch. 144; Hendricks v. Robinson, Id. 290; Angell v. Draper, 1 Vern. 399; Balch v. Wastall, 1 P. Wms. 445; Shirley v. Watts, 3 Atk. 200; King v. Marissal, Id. 192; Burden v. Kennedy, Id. 739; Scott v. Scholey, 8 East, 467; Mountford v. Taylor, 6 Ves. 788. And he says: "Some of these latter cases are peculiarly forcible, since they require a previous execution at law, even in cases in which the creditor is pursuing a mere right in equity, not tangible at law, or vendible under a fi. fa."

In the present case of Griffith Coombe v. Thomas Meade, the bill does not state that the complainant has even commenced a suit at law against either of the Meades, nor that their estates are insolvent; nor that there is no other property which can be reached by an execution at law. Nor does it state that the complainant has satisfied the judgment obtained against him by the Bank of the Metropolis. The bill charges no fraud in Simon Meade's assignment to Thomas Meade; nor does it seek to charge the lot as the real estate of Simon. Admitting that the conveyance from Thomas Meade to one of Si-

mon's children was fraudulent and void, yet the bill lays no ground for the complainant's proceeding in equity against Thomas, or his property; and admitting all the averments in the bill to be true, he may still have a complete remedy at law. It seems to us, therefore, that there is no such equity stated in the bill, as will give this court, as a court of equity, jurisdiction of the cause.

THE COURT (nem. con.) rendered judgment for the defendants on the demurrer.

See, also, Williams v. Brown, 4 Johns. Ch. 682, and McDermott v. Strong, Id. 687.