RILEY and Another *against* ELLMAKER.

IN EQUITY.

1. One judge of this court has no power to order an injunction in any instance. It can only be done by the court while sitting in bank, and then after notice of the motion.

2. An injunction to stay proceedings upon an execution issued upon a judgment in the District Court, refused; there being no fraud, accident or mistake alleged in the bill.

IN this case an injunction had been granted by Judge KENNEDY, during the last vacation, upon a bill filed by Joseph S. Riley and John A. Brown, against Hannah Ellmaker, executrix of the will of Levi Ellmaker, deceased.

The bill alleged that certain persons named Britton, Glenn, and Johnson, executed a mortgage to the defendant's testator, to secure a bond for $2000; and a collateral writing, never recorded, declaring the purpose of the mortgage to be to secure intended advances to be made in order to enable the mortgagor to build a house on the premises, the mortgagee reserving the privilege of making payment directly to the parties furnishing work and materials for the building so to be. erected: that the money was only partly advanced as agreed; and that the portion of it which was not applied to the payment for work or materials, but was paid directly to the mortgagor without the mortgagee seeing in any manner to its application, and with notice of its misapplication; and that the mortgagor was destitute of other means of paying for the work and materials: that the mortgagee had proceeded at law against the mortgagor, and obtained judgment on the mortgage; after which

(Riley *v.* Ellmaker.)

under proceedings at the suit of a mechanic's lien creditor, the premises had been sold at sheriff's sale to the complainants; and that the defendant, the executrix of Ellmaker, had issued execution upon the judgment obtained on the mortgage, and was about to sell the mortgaged premises, contrary to equity, &c.

Mr. *Randall,* having moved to dissolve the injunction, on the ground that it could not be granted by one judge; and that the complainants were not entitled to relief in this court,

Mr. *Cadwalader* and Mr. *Broom,* were heard against the motion, and in support of an application to the whole court, for an injunction *de novo.,*

SERGEANT, J., delivered the opinion of the court.

The principles settled in the case of *Gilder* v. *The Savings Institution,* rule this case. There is no fraud, accident, or mistake, alleged in the bill; and therefore the injunction is refused—the case not being within the jurisdiction of the court.

On the other point, we are of opinion that under the plain provisions of the act of 16th June, 1836, one judge of this court has no power to order an injunction in any instance. It can only be done by the court whilst sitting in bank, and then after notice of the motion.

Motion for injunction denied.