# Walker, Assignee's Appeal.

1. A court of equity will not restrain, by injunction, a creditor from levying on land in which he avers that his debtor has an interest.

2. A sale of the wife's land by the husband's creditor may be enjoined, where the title of the wife is clear, inasmuch as a sale would be in violation of a clear and express statutory prohibition.

3. Reeser v. Johnson, 26 P. F. S., 313, followed.

April 21st, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Court of Common Pleas of *Schuylkill county*, sitting in Equity: Of January Term, 1886, No. 166.

This was an appeal by Lewis B. Walker, assignee of Thomas H. Walker, trustee of Thomas H. Schollenberger, from a decree of said court dissolving a preliminary injunction and sustaining a demurrer, and dismissing a bill in equity wherein Lewis B. Walker, assignee of Thomas H. Walker, trustee of Thomas H. Schollenberger, was plaintiff, and Adolph W. Schalck, Elizabeth Heilner and J. Monroe Boyer, sheriff of Schuylkill County, were defendants.

The bill alleged substantially:

1st. That the plaintiff holds title to certain lands which are advertised to be sold as the property of L. F. Whitney, by the sheriff of Schuylkill County, on July 3d, 1885, at the suit of Elizabeth Heilner, which are there described by metes and bounds.

2d. That said real estate had been held in trust by L. F. Whitney, deceased, for Thomas H. Schollenberger.

3d. Thomas H. Schollenberger assigned his interest to Thomas H. Walker.

4th. That Thomas H. Walker assigned to Lewis B. Walker, party hereto.

5th. That L. F. Whitney devised, *inter alia*, the legal title to this property to Hannah Whitney, his wife.

6th. That Hannah Whitney conveyed the legal title to Lewis B. Walker in pursuance of a decree of the Court of Common Pleas of Schuylkill County, on April 6th, 1885.

7th. That Elizabeth Heilner obtained a judgment against L. F. Whitney's estate, and levied upon and is about to sell the aforesaid real estate. That A. W. Schalck, Esq., is acting as her attorney, and is aware of the decree of court referred to in section 6th.

8th. That L. F. Whitney left other real estate liable to be sold.

9th. That Hannah Whitney holds real estate acquired from L. F. Whitney for $1.

10th. That these conveyances were made to Hannah Whitney while L. F. Whitney was indebted to Elizabeth Heilner, and may be sold to pay this judgment.

11th. That a sheriff's sale will cast a cloud upon the title, and render the property unsalable.

12th. That there is no adequate remedy at law.

The prayer for relief asks that the defendants be restrained from clouding the title by a sheriff's sale.

On filing this bill the court, June 29th, 1885, granted a preliminary injunction as prayed for.

On the hearing of the motion to continue the preliminary injunction, the following facts appeared:

Charles Baber and wife, by deed dated December 1st, 1873, conveyed to Lawrence F. Whitney the undivided seventeen twenty-fourths ($\frac{17}{24}$) of certain lands near Pottsville, containing 45 acres. Consideration, $6,302.90.

By another deed, of same date, George B. Strauch conveyed the other seven twenty-fourths ($\frac{7}{24}$) of the same lands to said Whitney. Consideration, $2,595.30.

Isaac Lea *et al.*, by deed of December 20th, 1873, conveyed the seventeen twenty-fourths ($\frac{17}{24}$) interest in an adjoining tract, containing 34 acres and 40 perches, to said Whitney. Consideration, $3,396.45.

By another deed, of same date, George B. Strauch conveyed the other seven twenty-fourths ($\frac{7}{24}$) in said lands to Whitney. Consideration, $1,398.53.

These deeds were duly executed and acknowledged at or

about the time of their dates, and were duly recorded on the 22d day of January, 1875.

The deeds were in fee simple, absolute to Lawrence F. Whitney, his heirs and assigns.

The lands were assessed in Whitney's name, and so continued until after his death, and he paid the taxes thereon.

Whitney took the exclusive possession and management of the land, put up improvements, laid out streets, divided the land into town lots, sold off lots and received the purchase money, and executed conveyances therefor, taking all securities for balances due in his own name.

Whitney, at that time, was a prominent broker and banker in Pottsville, a man of reputed wealth, and the title to this land in him went far to increase and strengthen his credit in the community, so that when he died he left unsecured debts amounting to $25,000 (among them Mrs. Elizabeth Heilner in $5,000), besides a number of secured creditors. His estate proved utterly insolvent.

Whitney's alleged declaration of trust is dated April 1st, 1874 (over three months after the execution of said deeds), and was not acknowledged till February 27th, 1875 (a year later.) The assignment from Schollenberger to Judge Walker is dated May 1st, 1877, two years later still. Neither were recorded until November 21st, 1878, two months and eleven days after Whitney's death, which occurred September 10th, 1878.

This was the first notice to the world of any trust, or of any interest in Schollenberger or Walker in the premises.

In 1881, Lewis B. Walker, Esq., as assignee of Judge Walker, Schollenberger's first trustee, filed his petition in the Orphans' Court of Schuylkill County, praying for an order on Mrs. Whitney, the executrix and sole devisee of Lawrence F. Whitney, to convey this land to him. This application was resisted by Mrs. Whitney, and also by the unsecured creditors of Whitney's estate, who intervened, and the petition was finally dismissed by the Orphans' Court for want of jurisdiction. On appeal from that decision to the Supreme Court (No. 336, January Term, 1884), the ruling of the court below was affirmed.

Counsel for creditors attempted to resist the making of the decree sought for by Mr. Walker, but this interference was strenuously objected to by Schollenberger and Walker in the court below; and in the Supreme Court, on the hearing of Walker's appeal, the counsel for the creditors asked to be heard, but his paper book and argument were suppressed by the court at the instance of Mr. Walker and his counsel. So, when Mr. Walker filed his bill in equity in the court below

(No. 1, January Term, 1884), against Hannah Whitney, as sole executrix, devisee and legatee of L. F. Whitney, deceased, he did not include the creditors of Whitney's estate, or make them parties, or take any notice of them.

In the meantime suit was brought by Mrs. Heilner against Whitney's estate (No. 347, September Term, 1882), and judgment was duly obtained, October 14th, 1884, for $6,816.66. Execution was issued November 8th, 1884, and the land condemned, and subsequently advertised to be sold by the sheriff.

The preliminary injunction was dissolved.

The defendants then filed a demurrer to the plaintiff's bill, which on hearing was sustained and the plaintiff's bill dismissed by PERSHING, P. J.

The plaintiff thereupon took this appeal, assigning for error the decree of the court dissolving the preliminary injunction, and also the decree of the court sustaining the demurrer and dismissing his bill.

*L. B. Walker* (*Thomas H. Walker* and *John W. Ryon* with him), for appellant.—1. It cannot be doubted that under certain circumstances the power of a court of equity to restrain an execution creditor from proceeding to sell may be properly invoked ; but as was said in Winch's Appeal, 11 P. F. S., 244, it is only where the creditor is clearly and undeniably proceeding, against right and justice, to abuse the process of the law to the injury of another, that equity intervenes to stay his hand : Taylor's Appeal, 12 Nor., 23.

2. The court erred in dismissing the bill under the pleadings.

The bill avers the ownership to be in Schollenberger's assignee, by decree of the Court of Common Pleas of Schuylkill County directing a deed for the land to be made by Mrs. Whitney to L. B. Walker, assignee, and that such deed was made. And the reply of the respondents does not deny this ownership by plea, answer or demurrer, and therefore under the pleading it is such a case where the creditor is clearly and undeniably proceeding against right and justice to abuse the process of the law to an injury of another : Hunters's Appeal, 4 Wr., 194 ; Lyon's Appeal, 11 P. F. S., 15 ; Winch's Appeal, 11 Id., 244 ; Taylor's Appeal, 8 W. N. C., 192 ; 12 Nor., 21.

3. But this case differs from all others in the books in this respect : that the same controversy and claim has been already adjudicated upon and settled by a court of competent jurisdiction, and Mrs. Heilner was privy to the decree.

If Mrs. Heilner is a stranger she is not affected by the decree, but if she is a privy she is bound by it, for " all persons who are represented by the parties and claim under them, or in privity with them, are equally concluded by the same pro-

ceeding ": 1 Greenleaf's Evidence, § 523 ; Peterson *v.* Lothrop, 10 Casey, 223 ; Giltinan *v.* Strong, 14 P. F. S., 242 ; Otterson *v.* Middleton, 6 Out., 78 ; Strayer *v.* Johnson, 43 Leg. Int., 67.

Is Mrs. Heilner a privy to the decree against Whitney's estate ? She is a creditor who obtained a judgment against Whitney's estate after his death. She could only be successful in an action of ejectment through Whitney's title. Her claim is not adverse to Whitney's title, but under that title. Her claim has already been adjudicated upon, for Mrs. Whitney as executrix of the decedent is regarded as a trustee for creditors : Hess's Estate, 19 P. F. S., 272 ; and Mrs. Whitney's appearance in her representative character is the appearance of all Whitney's creditors : Story's Eq. Plead., §§ 140, 141, 142, 150, 226 ; Newland *v.* Campion, 1 Vesey, Sr., 105 ; Peacock *v.* Monk, 1 Id., 127.

*A. W. Schalck*, for appellees, was not heard.

The opinion of the court was delivered May 3d, 1886.

PER CURIAM. It is well settled as a general rule that a court of equity will not restrain by injunction a creditor from levying on land in which he avers that his debtor has an interest. It is true under the Act of 1850, which declares that the property of a married woman shall not be subject to levy and execution for the debts and liabilities of her husband, a sale of the wife's land by the husband's creditor may be enjoined where the title of the wife is clear, inasmuch as a sale would be in violation of a clear and express statutory prohibition : Reeser *v.* Johnson, 76 Pa. St., 313.

We discover nothing in the facts of this case, nor in the decree between other parties which is invoked, to take the case out of the general rule which denies to a court of equity the right to restrain a creditor from selling land on execution in which he thinks the defendant has an interest.

> Decree affirmed, and appeal dismissed at the costs of the appellant.