## Kelly *v.* Herb.  Greenoff's Appeal.

*Execution—Equity—Injunction—Fraud—Creditors.*

Creditors who have not reduced their claims to judgment have no standing in equity to restrain by injunction the distribution of a fund raised by a sheriff's sale on the ground that the judgment under which the sale was made was fraudulent and collusive

Argued Feb. 27, 1893.  Appeal, No. 318, Jan. T., 1893, by William F. Greenoff, from decree of C. P. Berks Co., Equity Docket, No. 538, in case of Ellen Kelly et al. v. Henry P. Herb and William F. Greenoff, partners, awarding preliminary injunction.  Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL and DEAN, JJ.

Bill to restrain distribution of proceeds of sheriff's sale.

The bill averred that defendants, Herb & Greenoff, had confessed judgment to W. F. Greenoff, to defraud their creditors, and that the firm property had been sold under an execution issued on the judgment.  The bill prayed (1) for a receiver, (2) that an injunction might issue to restrain distribution of the proceeds of the sale, and (3) general relief.  At the time the bill was filed plaintiffs had not recovered judgment against the firm of Herb & Greenoff.  The court, ENDLICH, J., awarded a preliminary injunction and subsequently continued it.

*Errors assigned* were (1, 2) granting and continuing injunction.

*D. E. Schroeder,* for appellant.

*William Kerper Stevens, B. Frank Dettra* with him, for appellee.

OPINION BY MR. JUSTICE MCCOLLUM, October 2, 1893:

As we view this case, it is unnecessary to consider separately the several allegations of the bill or to inquire whether they are sufficiently denied by the answers.  As the case now stands the material question for us to determine is whether the court below erred in awarding and continuing " a preliminary injunc-

tion restraining Wm. F. Greenoff from receiving and Elias Baker, sheriff, from paying out any money realized on the execution of W. F. Greenoff against Herb & Greenoff to No. 8, September term, 1891." This execution was issued upon a judgment which the complainants allege was collusive and fraudulent as to creditors of the defendants therein. They also allege that they are such creditors. But it is manifest that when they filed their bill they had no lien upon the property sold on the execution, or on the fund produced by the sale, and that they had not reduced their claim to judgment. They were not, therefore, in a position to ask for the injunction. We think the case is ruled against them by Artman-Treichler Co. v. Giles, 155 Pa. 409.

Decree reversed and injunction dissolved at the costs of the appellees.